715 A.2d 213

ATTORNEY GRIEVANCE COMMISSION
OF MARYLAND, Petitioner,

v.

Lester A.D. ADAMS, Respondent.

Misc. Docket AG, No. 48, Sept. Term, 1998.

Court of Appeals of Maryland.

Aug. 6, 1998.

## ORDER

The Court having considered the Joint Petition for Indefinite Suspension by Consent filed by the Petitioner and the Respondent, it is this 6th day of August, 1998.

**ORDERED** by the Court of Appeals of Maryland that the Petition be, and it is hereby, GRANTED and that Lester A.D. Adams is indefinitely suspended from the practice of law in this State, said suspension to take effect thirty (30) days from the date of this Order; and it is further

**ORDERED,** that within fourteen (14) days of the date of entry of this Order, Lester A.D. Adams shall:

a. File a notice of withdrawal as of the effective date of the indefinite suspension in every pending matter before any court, agency, or tribunal in which his appearance is entered as counsel;

b. Resign as of the effective date of the indefinite suspension all appointments as guardian, executor, administrator, trustee, attorney-in-fact, or other fiduciary position;

c. Provide notices by certified mail, return receipt requested, to all clients and to all wards, heirs and beneficiaries that he has been indefinitely suspended; that he is disqualified from acting as a lawyer after the effective date of the indefinite suspension; and that, if not represented by co-counsel, the client, ward, heir, or beneficiary should act promptly to

substitute another lawyer or fiduciary or to seek legal advice elsewhere, calling attention to any urgency arising from the circumstances of the case;

d. Provide notices in pending matters in which his appearance is entered to counsel for all other parties (or, in the absence of counsel, the parties) that he has been indefinitely suspended and, as a consequence, is disqualified from acting as a lawyer after the effective date of the indefinite suspension;

e. Make available to all clients being represented in pending matters any papers or other property to which they are entitled, calling attention to any urgency for obtaining the papers or property;

f. Refund the appropriate amounts of any fees paid in advance that have not been earned; and

g. Close every IOLTA, clients' funds, attorney trust or other fiduciary account and properly disburse or otherwise transfer all client and fiduciary funds in his possession, custody or control; and it is further

**ORDERED**, that within twenty-one (21) days after the date of entry of this Order, the Respondent shall file with Bar Counsel an affidavit certifying that the Respondent has fully complied with the provisions of this Order. Appended to the affidavit of compliance shall be:

h. A copy of each form or notice, a list of the names and addresses of clients, wards, heirs, beneficiaries, attorneys, courts and agencies to whom and which notices were sent, and all return receipts or returned mail received up to the date of the affidavit. Supplemental affidavits shall be filed covering subsequent return receipts and returned mail. Such names and addresses of clients shall remain confidential unless otherwise requested in writing by the Respondent or ordered by the Court;

i. A schedule showing the location, title and account number of every bank account designated as an IOLTA, clients' funds, attorney trust or other fiduciary account and of every

account in which the Respondent holds or held as of the entry date of this Order any client, trust or fiduciary funds;

j. A schedule describing the Respondent's disposition of all client and fiduciary fund in his possession, custody or control as of the entry date of this Order or thereafter;

k. Such proof of the proper distribution of such funds and the closing of such accounts as has been requested by Bar Counsel, including copies of checks and other instruments;

l. A list of all other state, federal and administrative jurisdictions to which the lawyer is admitted to practice; and

m. The residence or other street address where communications to the Respondent may thereafter be directed; and it is further

**ORDERED**, that the Respondent shall be eligible to seek termination of his suspension no sooner than one year from the date the suspension commences. Termination of Respondent's suspension is further subject to Respondent having satisfied Bar Counsel that the following conditions have been met:

n. Respondent shall have registered, and prepaid the tuition, at an accredited law school for a course on the Maryland Lawyers' Rules of Professional Conduct, or other Legal Ethics course, and shall represent in writing to Bar Counsel, and thereby to this Court that he will diligently pursue and successfully complete that course. Breach of this representation may be considered to be a violation of one or more of the Maryland Lawyers' Rules of Professional Conduct;

o. Respondent shall have registered, and prepaid tuition, for a course, approved by Bar Counsel, on law office management, including training in accounting for escrow funds, and shall represent in writing to Bar Counsel, and thereby to this Court, that he will diligently pursue and successfully complete that course. Breach of this representation may be considered to be a violation of one or more of the Maryland Lawyers' Rules of Professional Conduct;

p. Respondent shall participate in twelve (12) hours of continuing legal education courses in each of the first three (3) years after his reinstatement;

q. Respondent shall have engaged, at his expense, a monitor, acceptable to Bar Counsel, who will oversee both the Respondent's practice of law and Respondent's accounting for funds entrusted to him for a period of two (2) years and provide to Bar Counsel monthly reports for one (1) year and quarterly reports thereafter;

r. Respondent shall pay to Petitioner costs of the proceedings as assessed herein; and it is further

**ORDERED**, that the Clerk of this Court shall remove the name of Lester A.D. Adams from the register of attorneys in this Court, effective thirty (30) days from the date of this Order, until further Order of this Court and shall certify that fact to the Trustees of the Clients' Security Trust Fund and the clerks of all judicial tribunals in this State in accordance with Maryland Rule 16–713a3.